UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| LOUIS W CARBINS JR ET AL | CIVIL ACTION NO. 6:22-CV-05801 |
| VERSUS | JUDGE ROBERT R. SUMMERHAYS |
| VROOM AUTOMOTIVE L L C ET AL | MAGISTRATE JUDGE DAVID J. AYO |

### REPORT AND RECOMMENDATION

Before the Court is a "Motion to Quash Service pursuant to Rule 4(h) of the Federal Rules of Civil Procedure," filed by defendants Vroom Automotive, LLC and Vroom, Inc. (collectively "Vroom") (Rec. Doc. 5) which the Court construes as a motion to dismiss for insufficient service of process pursuant to Federal Rule of Civil Procedure 12(b)(5). *Pro se* plaintiffs Louis W. Carbins, Jr. and Hiedi P. Carbins (collectively "Plaintiffs") have not filed an opposition to this motion. The undersigned issues the following report and recommendation pursuant to 28 U.S.C. § 636. Considering the evidence, the law, and the arguments of the parties, and for the reasons explained below, the Court recommends that the motion before the Court be DENIED, and that Plaintiffs be given thirty days to present evidence that service was valid on Neisha Gross with CSC or to effectuate proper service within the meaning of Rule 4(h) in light of the Statement of Change of Registered Office/Agent. (Rec. Doc. 3, 4).

### BACKGROUND

Plaintiffs filed this suit on seeking to recover damages from Vroom for allegedly engaging in "deceptive trade practices, including by failing to satisfy certain terms of sale, by failing to disclose certain vehicle history or qualities/characteristics, and by misrepresenting the work done

on sold vehicles, in violation of Texas Deceptive Trade Practices - Consumer Protection Act, Texas Business and Commerce Code § 17.41 et seq. (DTPA)." (Rec. Doc. 1, p. 1).[1]

The complaint indicates that Plaintiffs requested service on Vroom Automotive LLC, d/b/a Texas Direct Auto and on Vroom, Inc. through their respective Registered Agents, which for both was Corporation Services Company (CSC) at 211 E. 7th, Suite 620, Austin, Texas 78701. Accordingly, on November 2, 2022, Plaintiffs, through a special process server, delivered a copy of the summons and complaint directed at Vroom Automotive, LLC, and a copy of the summons and complaint directed at Vroom, Inc., to Neisha Gross with CSC at 211 E. 7th Street, Suite 620, Austin, Texas (Rec. Doc. 3).

Vroom contends that CSC was not the registered agent for Vroom Automotive, LLC at that time. Rather, as of August 12, 2022, the registered agent for Vroom Automotive, LLC was CT Corporation System at 1999 Bryan St. Suite 900, Dallas, Texas 75201. (Rec. Doc. 5-1). Vroom also contends that CSC was not the registered agent for Vroom, Inc. at that time. Rather as of July 26, 2022, the registered agent for Vroom, Inc. was also CT Corporation System at 1999 Bryan St. Suite 900, Dallas, Texas 75201. (Rec. Doc. 5-2).

Accordingly, Vroom filed the instant motion, seeking to quash the service upon Vroom Automotive, LLC and Vroom, Inc.

---

[1] Plaintiffs allege this Court has jurisdiction over this civil action because Plaintiffs and Vroom are citizens of different states and the amount in controversy exceeds $30,000.00. (Rec. Doc. 1, p. 2). A federal court has subject matter jurisdiction over an action pursuant to 28 U.S.C. § 1332 "where the matter in controversy exceeds the sum or value of $75,000" and the action "is between citizens of different states." 28 U.S.C. § 1332 (a)(1). Because it is unclear whether the amount in controversy exceeds $75,000, it is unclear whether this Court has diversity jurisdiction over this matter. However, having reviewed the pleadings and construed the *pro se* litigants' pleadings liberally, *Nerren v. Livingston Police Dept.,* 86 F.3d 469, 472 (5th Cir. 1996), the Court finds that this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 due to Plaintiffs' allegations of unfair trade practices which the Court construes may arise pursuant to 15 U.S.C. § 45.

## LAW AND ANALYSIS

Rule 4(m) of the Federal Rules of Civil Procedure requires service of the summons and the complaint on the defendant "within 90 days after the complaint is filed." If the plaintiff does not serve process on a defendant within 90 days, the court must either "dismiss the action without prejudice against that defendant or order that service be made within a specified time." If the plaintiff can show good cause for the failure to serve process within 90 days, an extension of time for service is mandatory. *Id*. The Fifth Circuit describes "good cause" as at least as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually do not suffice. *Lindsey v. U.S. R.R. Retirement Bd.*, 101 F.3d 444 (5th Cir. 1996) (quoting *Peters v. United States*, 9 F.3d 344, 345 (5th Cir. 1993)).

A motion filed pursuant to Rule 12(b)(5) seeks dismissal of the action based on insufficient service of process. *Quinn v. Miller*, 470 Fed. Appx. 321, 323 (5th Cir. 2012). "Once the validity of service has been contested, the plaintiff bears the burden of establishing its validity." *In re Katrina Canal Breaches Litigation*, 309 Fed. Appx. 833, 835 (5th Cir. 2009) (per curiam) (citing *Carimi v. Royal Carribean Cruise Line, Inc.,* 959 F.2d 1344, 1346 (5th Cir. 1992).

Vroom Automotive, LLC is a limited liability corporation and Vroom, Inc. is a corporation. Rule 4(h) governs service of process on a corporate entity and provides that the plaintiff may effectuate service of process upon a corporation by: (1) following the methods provided by the law of the state in which the district court is located or the state in which service is made, or (2) delivering a copy of the summons and complaint to an officer, managing or general agent, or any agent authorized by appointment or by law to receive service of process. *Id*.

"The general rule is that '[a] signed return of service constitutes prima facie evidence of valid service, which can be overcome only by strong and convincing evidence.'" *People's United*

3

*Equip. Fin. Corp. v. Hartmann*, 447 Fed. Appx. 522, 524 (5th Cir. 2011). The Proofs of Service attached to both of Plaintiffs' Returned Executed Summonses allege: "CSC is the Registered Agent for Vroom, Inc. Neisha Gross is an employee of CSC, authorized to accept service on their behalf." (Rec. Docs. 3, 4).

Vroom contends that CSC was not a registered agent for service of process at the time of service and attaches Statements of Change of Registered Office/Agent but offers no evidence that neither CSC nor Neisha Gross is an "officer, managing or general agent, or any agent authorized by appointment or by law to receive service of process" within the meaning of Rule 4(h). Although the Court recognizes that CT is now Vroom's Registered Agent, it is unclear who Neisha Gross is and whether Vroom has an ongoing relationship to her that could render her an "officer, managing or general agent, or any agent authorized by appointment or by law to receive service of process" within the meaning of Rule 4(h).

Plaintiffs diligently attempted service on all defendants on November 8, 2022, well before the 90-day deadline. On January 31. 2023, Vroom filed the instant motion contesting the service of process. At that time, the 90-day deadline had not yet expired; thus, the Motion to Quash was premature. While the parties awaited the Court's decision regarding Vroom's Motion to Quash, the 90 days expired. In accordance with Rule 4(m), this Court has "discretion to dismiss or extend time absent a showing of good cause." Accordingly,

## CONCLUSION

For the reasons expressed above, the Court recommends that the motion before the Court be DENIED and that Plaintiffs be given 30 days to present evidence that service was valid on Neisha Gross with CSC because she was an "officer, managing or general agent, or any agent authorized by appointment or by law to receive service of process" within the meaning of Federal

4

Rule of Civil Procedure 4(h) or to effectuate proper service within the meaning of Rule 4(h) in light of the Statement of Change of Registered Office/Agent. (Rec. Doc. 3, 4). It is, finally, recommended that, should Plaintiffs fail to provide evidence as to why service was valid or institute service within the 30 days provided, all claims by Plaintiffs against Vroom should be dismissed without prejudice.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error. See *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. §636(b)(1).

Signed at Lafayette, Louisiana on this 18th day of April, 2023.

DAVID J. AYO
UNITED STATES MAGISTRATE JUDGE